NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PRIME METALS U.S.A., INC., | No. 24-53 |
| Debtor, | BAP No. 22-1222 |
| ---------------------------- | |
| RICHARD A. MARSHACK, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Prime Metals, U.S.A., Inc., | MEMORANDUM* |
| Appellant, | |
| v. | |
| HYUNDAI STEEL COMPANY, a Korean corporation, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Corbit, Faris, and Lafferty, Bankruptcy Judges, Presiding

Submitted December 4, 2024**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: OWENS, LEE, and KOH, Circuit Judges.

This appeal arises from an adversary proceeding in Prime Metals U.S.A., Inc.'s ("Prime") bankruptcy proceedings. Richard Marshack, in his capacity as Chapter 7 Trustee of the bankruptcy estate, ("Trustee") seeks to avoid and recover, for the benefit of the estate, two sets of allegedly fraudulent transfers between Prime and Hyundai Steel Co. ("Hyundai"). The bankruptcy court granted Hyundai's motion for summary judgment as to each of Trustee's claims, and the Bankruptcy Appellate Panel ("BAP") affirmed. We have jurisdiction under 28 U.S.C. § 158(d). We affirm.

"We review decisions of the [BAP] de novo and apply the same standard of review that the [BAP] applied to the bankruptcy court's ruling." *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1198 (9th Cir. 2012) (citation omitted). A bankruptcy court's order granting summary judgment is reviewed de novo on appeal. *Lovering Tubbs Trust v. Hoffman (In re O'Gorman)*, 115 F.4th 1047, 1054 (9th Cir. 2024).

At summary judgment, movant Hyundai bears the initial burdens of production and persuasion. *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry its production burden, Hyundai must "either produce evidence negating an essential element of the nonmoving party's claim . . . or show that the nonmoving party does not have enough evidence of an essential

2                                                                                    24-53

element to carry its ultimate burden of persuasion at trial." *Id.* To carry its persuasion burden, Hyundai must show that no genuine dispute of material fact exists as to those essential elements. *Id.* If Hyundai carries these initial burdens, the burden then shifts to Trustee to identify enough specific evidence supporting his claims to raise a genuine dispute of material fact. *Id.* at 1103.

We conclude that Hyundai carried its burdens by showing that Trustee lacks sufficient evidence on essential elements of each of his claims and that there are no genuine disputes of material fact as to those elements. We also conclude that Trustee failed to carry his burden to identify enough specific evidence supporting his claims to raise a genuine dispute of material fact. Therefore, Hyundai is entitled to summary judgment on all of Trustee's claims.

1.      As an initial matter, Trustee challenges the bankruptcy court's exclusion of certain evidence offered in opposition to Hyundai's motion for summary judgment, specifically portions of the declaration of Trustee's primary fact witness, Min Ho An. We review the bankruptcy court's evidentiary rulings for abuse of discretion. *Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008). "To reverse on the basis of an erroneous evidentiary ruling, we must conclude not only that the bankruptcy court abused its discretion, but also that the error was prejudicial." *Id.* (citation omitted).

24-53

Here, even if the bankruptcy court erred in excluding portions of the An declaration, any erroneous evidentiary rulings were not prejudicial to Trustee. As discussed below, even if the An declaration is considered in full, Hyundai has carried its summary judgment burdens of production and persuasion, and Trustee failed to identify specific evidence raising a genuine dispute of material fact as to essential elements of his fraudulent transfer claims.

2. The first allegedly fraudulent transfer involved the sale of several promissory notes from Prime to Hyundai. Trustee alleges that the transfer should be avoided as either an intentional or constructive fraudulent transfer. As to the intentional fraudulent transfer claim, Hyundai met its summary judgment production burden by showing that Trustee does not have enough evidence to establish an essential element of his claim: Prime's "actual intent to hinder, delay, or defraud" its creditors. 11 U.S.C. § 548(a)(1)(A); Cal. Civ. Code § 3439.04(a). Hyundai also met its persuasion burden by showing that no genuine dispute of material fact exists as to this element.

On appeal, Trustee does not argue that Prime itself transferred the notes with the requisite intent. Rather, Trustee argues that Hyundai is a statutory or non-statutory insider of Prime whose intent can be imputed to Prime. *See Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800, 806 (9th Cir. 1994) (recognizing that fraudulent intent can be imputed where a person exercises requisite control over

4                                    24-53

the debtor). However, Trustee failed to identify specific evidence raising a genuine dispute of material fact as to whether Hyundai had the requisite control over Prime to qualify as a statutory or non-statutory insider, which is fatal to Trustee's claim of intentional fraudulent transfer. Trustee's assertions, even if taken as true, suggest only that Hyundai was able to exert economic pressure on Prime, not that Hyundai was able to dictate Prime's corporate policy or the disposition of its assets. *See Acequia*, 34 F.3d at 806.

As to the constructive fraudulent transfer claim, Hyundai met its summary judgment burden of production by showing that Trustee does not have enough evidence to establish an essential element of his claim: Hyundai's failure to provide Prime with "reasonably equivalent value" in exchange for the notes. 11 U.S.C. § 548(a)(1)(B); Cal. Civ. Code § 3439.05(a). Hyundai also met its burden of persuasion by showing that there is no genuine dispute of material fact as to this essential element, and Trustee in turn failed to identify specific evidence raising a genuine factual dispute.

The record shows that, in exchange for the notes, Hyundai paid the outstanding balance of the notes (along with certain transaction fees) to Shinhan Bank to pay off a loan that Prime had incurred when it originally purchased the notes. Trustee does not challenge whether the amount of the Shinhan Bank payment was "reasonably equivalent" to the value of the notes and concedes that

5                                                            24-53

the fact that Hyundai's consideration was paid to a third party, rather than to Prime directly, does not itself mean that Prime failed to receive "reasonably equivalent value" in the transfer. *See Frontier Bank v. Brown (In re N. Merch.)*, 371 F.3d 1056, 1058 (9th Cir. 2004) ("It is well settled that reasonably equivalent value can come from one other than the recipient of the payments, a rule which has become known as the indirect benefit rule." (citation and internal quotation marks omitted)).

However, Trustee argues that because Prime did not receive payment directly from Hyundai, Hyundai bears the burden to establish that it provided Prime with reasonably equivalent value indirectly and that Hyundai failed to meet this burden. Trustee acknowledges that, ordinarily, a trustee must prove each element of a fraudulent transfer claim under the preponderance of the evidence standard. *See Gill v. Stern (In re Stern)*, 345 F.3d 1036, 1043 (9th Cir. 2003); *Whitehouse v. Six Corp.*, 48 Cal. Rptr. 2d 600, 604 (Cal. Ct. App. 1995), *as modified on denial of reh'g* (Dec. 19, 1995). Nevertheless, Trustee cites several Bankruptcy Court cases for the proposition that in cases where consideration is paid to a third party, the burden shifts to the defendant to establish the sufficiency of "indirect benefits." *See, e.g., Cooper v. Centar Invs. (Asia) Ltd. (In re TriGem Am. Corp.)*, 431 B.R. 855, 868 (Bankr. C.D. Cal. 2010); *Leonard v. Norman Vinitsky Residuary Trust (In re Jolly's Inc.)*, 188 B.R. 832, 843 (Bankr. D. Minn.

24-53

1995). However, even if we were to assume *arguendo* that a burden-shifting framework is appropriate here, Hyundai has met any such burden. There is ample evidence in the record that shows that Hyundai did in fact make payment to Shinhan Bank to pay off Prime's loan.

3.     The second alleged fraudulent transfer involved indirect transfers of $1.8 million to Hyundai via Prime's sole shareholder, R-Techo, Co. Ltd. ("R-Techo"). A basic element of a claim for fraudulent transfer, either actual or constructive, is the actual transfer of the debtor's assets. *See* 11 U.S.C. § 548(a)(1); Cal. Civ. Code §§ 3439.04(a), 3439.05(a).

Hyundai carried its summary judgment burdens by showing that Trustee does not have enough evidence to establish that the $1.8 million allegedly transferred through R-Techo to Hyundai were Prime's assets and that there is no genuine factual dispute as to this essential element. Even when the portions of the An declaration excluded by the bankruptcy court are considered, Trustee failed to meet his burden to identify enough specific evidence to raise a genuine dispute of material fact. Trustee has provided no documentary evidence of the alleged R-Techo transfers, and instead relies on the testimony of three witnesses. This testimony, however, is both conclusory and incomplete. The witnesses only testified that $1.8 million was transferred from R-Techo to Hyundai. No witness

explained how these transfers were linked to Prime's assets, or provided any details on the timing, manner, or process of the alleged transfers.

4. Finally, the bankruptcy court did not err in determining that Hyundai was not the alter ego of Prime. Under California law, there are two general requirements for alter ego liability: "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the [alter ego] no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result with follow." *Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 606 (Cal. 1985) (quoting *Automotriz del Golfo de Cal. v. Resnick,* 306 P.2d 1, 3 (Cal. 1957)). Hyundai carried its summary judgment burdens by showing that Trustee lacks sufficient evidence to establish either element and that there is no genuine dispute of material fact as to either element. Trustee, in turn, failed to identify enough specific evidence to raise a genuine factual dispute. "Alter ego is an extreme remedy, sparingly used," *Sonora Diamond Corp. v. Superior Ct.*, 99 Cal. Rptr. 2d 824, 836 (Cal. Ct. App. 2000) (citation omitted), and, as discussed above, Trustee failed identify specific evidence raising a genuine dispute of material fact as to whether Hyundai controlled Prime's corporate policy or decisionmaking. Trustee has not, for example, identified admissible evidence showing that Prime and Hyundai commingled funds and assets; had identical ownership; used the same offices; used identical employees, directors, or officers; or disregarded corporate

formalities. *See Troyk v. Farmers Grp., Inc.*, 90 Cal. Rptr. 3d 589, 619 (Cal. Ct. App. 2009). Additionally, Trustee failed to identify specific evidence raising a genuine dispute of material fact as to whether inequitable results would follow from recognizing Prime as a separate corporate entity from Hyundai.

**AFFIRMED.**